**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN DOES 1-4 and MARY DOE,

    Plaintiffs,

v.                                                           Case No. 12-11194

RICHARD SNYDER and COL. KRISTE ETUE,

    Defendants.
                                         /

**ORDER GRANTING PLAINTIFFS' "MOTION TO PROCEED ANONYMOUSLY" AND
DIRECTING PARTIES TO SUBMIT STIPULATED PROTECTIVE ORDER**

Before the court is Plaintiffs' "Motion to Proceed Anonymously." Despite declining a proffered concurrence in the motion,[1] Defendants have filed no response in opposition. Having reviewed the motion and accompanying brief, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant the motion.

On March 16, 2012, Plaintiffs initiated this action challenging the constitutionality of Michigan's Sex Offender Registration Act ("SORA"), Mich. Comp. Laws 28.721-.736.

---

[1]Plaintiffs provided the following statement in support of the motion:

> Pursuant to Fed. R. Civ. P. 26(c) and E.D. Loc. R. 7.1(a), on March 16, 2012, the plaintiffs' counsel called and e-mailed the Office of the Attorney General seeking concurrence in this motion. Attorney Margaret Nelson of the Office of the Attorney General indicated that the Office does not concur.

(Pls.' Mot. Proceed Anonymously 1, Mar. 16, 2012, Dkt. # 4.) There is no explanation or detail provided of what was done in Plaintiffs' attempt to seek concurrence. The court also observes that the motion was filed on Friday, March 16, 2012, and the complaint had been filed and the summonses issued earlier the same day. Ms. Nelson entered her appearance on the docket two weeks later.

Plaintiffs argue, *inter alia*, that the 2011 amendment to SORA is void for vagueness, (Compl. ¶ 9, Dkt. # 1), violates the federal constitution's prohibition against ex post facto laws, (*id.* at 6), violates the due process clause of the Fourteenth Amendment, (*id.* at ¶ 8), and impinges upon Plaintiffs' "fundamental rights to travel, work, speak, and raise their children," (*id.* at ¶ 7). In their motion to proceed anonymously, Plaintiffs allege that they fear for their personal and familial safety if their identities and association with this lawsuit are revealed to the public. (Pls.' Br. Supp. Mot. Proceed Anonymously 3-4.) According to Plaintiffs, were they to reveal their identities, the public could easily find them for retaliation because their home addresses, employers' addresses, vehicle information, and photographs are readily accessible on the Michigan Sex Offenders Registry. (*Id.*) Plaintiffs indicate that they are willing to disclose their identities and personal information to Defendants' counsel.

Courts have "supervisory power over [their] own records and files," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), which includes the authority to enter protective orders limiting access to certain court documents, Fed. R. Civ. P. 26(c). This authority, however, is subject to the "long established legal tradition" that there is a "presumptive right of the public to inspect and copy" court records. *In re Knoxville News Sentinel Co.*, 723 F.2d 470,473-74 (6th Cir. 1983)). Generally, a complaint must state the names of all parties. Fed. R. Civ. Pro. 10(a). "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). One such exception is where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir.

2004). In *Porter*, the Sixth Circuit identified the following factors to consider when determining whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). To proceed anonymously for fear of retaliation and harassment a "plaintiff must demonstrate that . . . retaliation is not merely hypothetical but based in some real-word evidence; a simple fear is insufficient. . . . A plaintiff can support his fear by demonstrating the need for anonymity to prevent retaliation, the reasonableness of the plaintiff's fear, the severity of the threatened harm, and the plaintiff's vulnerability." *Does v. Shalushi*, No. 10-11837, 2010 WL 3037789, at *3 (E.D. Mich. July 30, 2010). A court may also "consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio*, 123 F. App'x at 636 (citing *Porter*, 370 F.3d at 561).

Although Plaintiffs' personal information and status as sex offenders may already be available to the public as a result of being listed on the Michigan Sex Offender Registry, their association with this lawsuit, which challenges governmental action, is not known to the public. Plaintiffs and their families allege that were it revealed they would be subjected to the danger of physical harm from possible retaliation and harassment. In support of their motion, Plaintiffs offer the internet comments made in response to a WJBK Fox 2 Detroit news article reporting on the implementation of the

3

2011 amendment to SORA as evidence that their fear is reasonable and the potential harm severe. (Pls.' Br. Supp. Mot. Proceed Anonymously 3.) Some of such comments call for violent acts to be committed against convicted sex offenders. Plaintiffs also allege that at least one of them has received a death threat simply based on his status as a registrant. (Compl. ¶ 213.) Plaintiffs argue that to reveal their true identity would not simply subject them to the general opprobrium associated with one's status as a sex offender, but would subject them to possible violent retaliation or harassment for exercising their rights as citizens.

Plaintiffs have sufficiently demonstrated, at least for the present and in view of no opposition from Defendants, that their privacy and safety interests substantially outweigh the presumption of open judicial proceedings. Moreover, granting Plaintiffs' motion does not materially impinge upon Defendants' ability to defendant against the lawsuit. Plaintiffs are willing to disclose their names to Defendants' counsel upon request. Accordingly,

IT IS ORDERED that Plaintiffs' "Motion to Proceed Anonymously" [Dkt. # 4] is GRANTED.

IT IS FURTHER ORDERED that the parties shall submit a stipulated protective order with respect to the information Plaintiffs seek to protect on or before **May 2, 2012**.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 18, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 18, 2012, by electronic and/or ordinary mail.

                                                    s/Leslie Werner for Lisa Wagner
                                                    Case Manager and Deputy Clerk
                                                    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\12-11194.DOES.Grant.Mot.Fictitous.Names.jrc.2.wpd

5