UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES 1-4 and MARY DOE,

    Plaintiffs,

v.                              Case No. 12-11194

RICHARD SNYDER and COL. KRISTE ETUE,

    Defendants.
                                  /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE**

On March 16, 2012, Plaintiffs John Does I–IV and Mary Doe initiated the above-captioned lawsuit challenging the constitutionality of the Michigan Sex Offender Registry Act ("SORA"), as amended in 2011. Governor Richard Snyder and Colonel Kriste Etue of the Michigan Department of State Police are named in their official capacity as Defendants. On June 6, 2014, Defendants filed a motion in limine. Defendants seek to exclude the proposed testimony of: (1) Plaintiffs' mapping expert Peter Wagner under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); and (2) American Civil Liberties Union (ACLU) volunteers Timothy Poxson and Joseph Granzotto regarding their telephonic conversations with various law enforcement officers throughout Michigan under Federal Rules of Evidence 802 and 803. The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will deny Defendants' motion in limine.

### I. PROPOSED TESTIMONY OF PLAINTIFFS' MAPPING EXPERT

Plaintiffs seek to offer mapping expert Peter Wagner's testimony regarding their claim that SORA's school exclusion zones are impressibly vague. According to Plaintiffs, Wagner's testimony, two reports, and maps, "show that it [is] impossible for anyone to determine the complete boundaries of Michigan's school exclusion zones because of the severe limits on the available data." (Dkt. # 88, Pg. ID 3645 (citations omitted).) Defendants argue that Wagner's testimony is not based upon reliable scientific methods or processes and is thus inadmissable under Federal Rule of Evidence 702 and *Daubert*.

> Federal Rule of Evidence 702 provides that:
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *Daubert*, the Supreme Court held that, when faced with a proffer of expert scientific testimony, the trial judge is assigned "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 580 (1993). This ruling was later interpreted by the Court to apply to all expert testimony, not only scientific testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

The *Daubert* Court provided a non-exclusive list of factors that courts should consider when analyzing reliability: "(1) whether a theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review or publication; (3) the known or potential rate of error; and (4) general acceptance." *First Tenn. Bank Nat'l Ass'n v. Barreto*, 268 F.3d 319, 334 (6th Cir. 2001) (citing *Daubert*, 509 U.S. at 593-94) (quotation marks and alterations omitted). However, the test for determining reliability is "flexible," and the court is given "the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho*, 526 U.S. at 141-42 (citing *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 143 (1997)).

The trial court has wide discretion when determining whether to admit or exclude expert testimony and in a bench trial, "[t]his discretion is particularly broad." *United States v. Demjanjuk*, 367 F.3d 623, 633 (6th Cir. 2004). Moreover, in a bench trial "there is less danger that a trial court will be unduly impressed by the expert's testimony or opinion." *F.T.C. v. BurnLounge, Inc.*, No. 12-55926, 2014 WL 2445812, at *8 (9th Cir. June 2, 2014) (citations omitted); *see also Tussey v. ABB, Inc.*, 746 F.3d 327, 337 (8th Cir. 2014) (citations omitted) ("[I]n a bench trial, we not only give the trial court wide latitude in determining whether an expert's testimony is reliable, we also relax *Daubert's* application."); *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less of a need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."); *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir.2000) (holding that "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."). Of course, the

court is still required "to rely only on admissible and reliable expert testimony" but it has "substantial flexibility in admitting proffered expert testimony at the front end, and then deciding for [itself] during the course of trial whether the evidence meets the requirements of *Kumho Tire Co.* and *Daubert* and deserves to be credited." *Gonzales v. Nat'l Bd. of Med. Exam's*, 225 F.3d 620, 635 (6th Cir.2000) (Gilman, J., dissenting).

In light of this broad discretion, the court declines to exclude Wagner's testimony at this time. The court may ultimately disregard some, or all, of his testimony but the appropriate time to make that determination is after the court has identified which specific parts of the testimony the court might consider for resolving particular issues of fact.

## II.  PROPOSED TESTIMONY OF ACLU VOLUNTEERS

Plaintiffs argue that several of SORA's requirements are vague as applied and that "getting their basic questions answered [regarding the Act's requirements] is difficult if not impossible." (Dkt. # 88, Pg. ID 3654.) ACLU volunteers Timothy Poxson and Joseph Granzotto contacted law enforcement agencies and prosecutors to survey how they interpret and apply SORA, and Plaintiffs seek to offer as testimony the answers collected. Defendants object that these answers are hearsay and must be excluded under Federal Rules of Evidence 802 and 803.

Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Generally, unless an exception applies, hearsay is not admissible. Fed. R. Evid. 802, 803. Defendant argues that the statements Plaintiffs proffer "are obviously intended to be offered for the truth of the

4

matters asserted—that is, how the officers interpret or enforce SORA." (Dkt. # 87, Pg. ID 3569–70.) Plaintiffs counter that the statements are not being offered to prove the truth of the matter asserted but instead to show what law enforcement *believed* to be true. As Plaintiffs point out, "the answers most helpful to [them]—the ones where the officer or assistant prosecutors on the phone gave an answer that was patently false under SORA—are helpful *not* for the truth of the statements but for their falsity." (Dkt. # 88, Pg. ID 3656.) The court agrees and will admit the survey answers that Poxson and Gronzotto obtained.

The court notes that admitting the informal survey answers is consistent with longstanding practice. In the seminal case on the subject, *United States v. 88 Cases, More of Less, Etc, Containing Bireley's Orange Beverage,* 187 F.2d 967 (3d Cir. 1951), the third circuit considered whether a certain beverage was "adulterated," *i.e.* whether it was made to appear better than it was. The government introduced survey answers of 3,539 individuals that were asked what they thought the beverage contained. With regard to whether or not the survey results constituted hearsay, the court explained:

> Many objections were made to the manner in which the surveys were taken. The principal contention, however, was that the surveys were hearsay and therefore inadmissible. The hearsay objection is unfounded. For the statements of the persons interviewed were not offered for the truthfulness of their assertions as to the composition of the beverage. They were not offered to prove that Bireley's Orange Beverage is or is not orange juice. They were offered solely to show as a fact the reaction of ordinary householders and others of the public generally when shown a bottle of Bireley's Orange Beverage.

*Id.* at 974. Ever since *88 Cases, More of Less, Etc, Containing Bireley's Orange Beverage,* federal courts have often admitted the results of surveys despite their seemingly hearsay character. *Gen. Motors Corp. v. Cadillac Marine & Boat Co.*, 226 F.

5

Supp. 716, 734 (W.D. Mich. 1964); *see also Cosmetic Dermatology & Vein Centers of Downriver, P.C. v. New Faces Skin Care Centers, Ltd.*, 91 F. Supp. 2d 1045, 1052 n.2 (E.D. Mich. 2000). Further, objections pertaining to the technical aspects of a survey affect only the weight, rather than the admissibility of the evidence. *Id*.

The court declines to exclude the answers of law enforcement that Poxson and Granzotto collected.

### III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion in limine (Dkt. #87) is DENIED.

                                         s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2015


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2015, by electronic and/or ordinary mail.

                                         s/M. Beauchemin
                                        Deputy Clerk
                                        (313) 234-5525