UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES #1-5 and MARY DOE,

    Plaintiffs,

v.                                             Case No. 12-11194

RICHARD SNYDER and COL. KRISTE ETUE,

    Defendants.
                                      /

**NOTICE OF MOTION HEARING**

Plaintiffs John Does #1-5 and Mary Doe filed a nine count First Amended Complaint challenging the constitutionality of the Michigan's Sex Offenders Registration Act ("SORA"), as amended in 2011 and 2013. (Dkt. # 46, Pg. ID 840.) Both parties filed Rule 52 motions for judgment on the stipulated facts and records submitted by the parties. (See Dkt. ## 90-95). The court resolved the majority of Plaintiffs' claims in the March 28, 2013 Opinion and Order Granting in Part and Denying in Part Defendants' Amended Motion to Dismiss (Dkt. # 27, Pg. ID 669) and the March 31, 2015 Opinion and Order Resolving Motions for Judgment (Dkt. # 103, Pg. ID 5875). In the latter opinion, the court reserved judgment on two issues raised by Plaintiffs: (1) whether Mich. Comp. Laws § 28.725a(7) is unconstitutional as applied to John Doe #4 and (2) whether it is constitutional for the lifetime registration requirement's incorporation of the requirement to report "[a]ll electronic mail addresses and instant message addresses assigned to the individual . . . and all login names or other identifiers used by the individual when using any electronic mail address or instant messaging system," Mich.

Comp. Laws § 28.727(1)(i), to be applied retroactively.  (Dkt. # 103, Pg. ID 5946.)  The court requested additional briefing on both issues, which the parties provided on April 20, 2015.  (Dkt. ## 104, 106, 107.)  After reviewing the record, the court has determined that a hearing is necessary to resolve these issues.

**I. The Constitutionality of Mich. Comp. Laws § 28.725a(7) as Applied to Mr. Doe #4**

Mich. Comp. Laws § 28.725a(7) provides:

> An individual required to be registered under this act shall maintain either a valid operator's or chauffeur's license issued under the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, or an official state personal identification card issued under 1972 PA 222, MCL 28.291 to 28.300, with the individual's current address. The license or card may be used as proof of domicile or residence under this section. In addition, the officer or authorized employee may require the individual to produce another document bearing his or her name and address, including, but not limited to, voter registration or a utility or other bill. The department may specify other satisfactory proof of domicile or residence.

Plaintiffs contend that § 28.725a(7) violates the Due Process Clause because Mr. Doe #4 "is automatically and unpreventably in violation" of SORA inasmuch as "he is homeless [and] cannot update his driver's license to match his registration address (which is 'homeless')."  (Dkt. # 96, Pg. ID 5692.)  In the Joint Statement of Facts, the parties stipulated:

> Since becoming homeless Mr. Doe #4 has been unable to comply with the SORA requirement that he maintain a driver's license or personal identification that matches the address he uses to register for SORA.  The Secretary of State will not issue identification with 'homeless' as an address.  Mr. Doe #4, who is registered under SORA as homeless, cannot get a driver's license that matches his registration information.

(Dkt. # 90, Pg. ID 3939.)

The requirement that the address listed on a registrant's Michigan identification card match the address he uses to register for SORA is not immediately apparent from

a plain reading of § 28.725(a)(7); nonetheless, "Defendants admit that registrants are strictly liable if they do not have a driver's license or personal identification card that *matches* their registry address . . . ." (*Id.*) Similarly, the parties provided an excerpt of Michigan State Police Official Order 79, dated April 27, 2007, which also appears to require that the address listed on the Michigan identification card and the address used to register with SORA are the same:

> G. If the offender is homeless, the generic address of '123 Homeless' shall be entered into the computerized database, along with the offender's city, state, zip code, and country code.
> . . .
>
> 5.
> . . .
> B. The address on the SOR record must match the address on the Michigan driver license or Personal Identification Card. If the address does not match, the member shall give the offender the opportunity to immediately visit the nearest Secretary of State branch office for the necessary address change and return to the post to verify their address before taking enforcement action.

(Dkt. # 91-23, Pg. ID 4911.)[1]

At the hearing, the parties should be prepared to discuss whether the address listed on the Michigan identification card and the address used to register with SORA must match.

Additionally, Defendants suggest that Mr. Doe #4 is able to obtain a Michigan identification card by "provid[ing] a letter from a homeless shelter reflecting he is homeless and using the shelter's services," and that Mr. Doe #4 may physically receive

---

[1] The court infers from the docketed excerpt of Order 79 that paragraph "G" is a subsection of Section 4; however, the beginning of Section 4 is not included in the excerpt. The court requests that, prior to the June 9, 2015 hearing, the parties provide the court with a full version of Order 79.

3

an identification card—which is sent by the Secretary of State through the United States Postal Service—by providing a post office box or a family member's or friend's address as a mailing address. (Dkt. # 107, Pg. ID 5973-74.) Defendants, however, do not point to anything in the record showing that Mr. Doe #4 utilizes a shelter's services or has a post office box or alternative mailing address at which to receive mail from the Secretary of State. At the hearing, the parties should be prepared to discuss whether it is possible for Doe #4 to obtain a Michigan identification card through the means suggested by Defendant or by some other means.

## II. THE RETROACTIVE APPLICATION OF THE INTERNET REPORTING PROVISION

In the Opinion and Order Resolving Motions for Judgment, the court considered whether the 2011 SORA amendments' retroactive extension of Doe #3's, Doe #4's, and Ms. Doe's registration period from twenty-five years to life violated the Due Process Clause of the Fourteenth Amendment. (Dkt. # 103, Pg. ID 5929-40.) The court held that, in general, the retroactive application of SORA's lifetime registration requirement is constitutional; however, the court noted that this finding does not apply to the provisions of SORA which the court found constitutionally infirm. (Dkt. # 103, Pg. ID 5939.) The court also reserved judgment on the constitutionality of the retroactive application of SORA's Internet reporting provision, through its incorporation in the lifetime registration requirement. (*Id.* at 5940.) The Internet reporting provision requires registrants to report "[a]ll electronic mail addresses and instant message addresses assigned to the individual . . . and all login names or other identifiers used by the individual when using

any electronic mail address or instant messaging system."[2]  Mich. Comp. Laws § 28.727(1)(i).

The First Amendment, as applied to the states through the Fourteenth Amendment, protects individuals from laws abridging the freedom of their speech.  The Supreme Court has expressed that "the government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information."  *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (internal quotation marks omitted).  The Court further clarified:

> A regulation of the time, place, or manner of protected speech must be narrowly tailored to serve the government's legitimate, content-neutral interests but that it need not be the least restrictive or least intrusive means of doing so.  Rather, the requirement of narrow tailoring is satisfied so long as the . . . regulation promotes a substantial government interest that would be achieved less effectively absent the regulation.  To be sure, this standard does not mean that a time, place, or manner regulation may burden substantially more speech than is necessary to further the government's legitimate interests. Government may not regulate expression in such a manner that a substantial portion of the burden on speech does not serve to advance its goals.  So long as the means chosen are not substantially broader than necessary to achieve the government's interest, however, the regulation will not be invalid simply because a court concludes that the

---

[2]Section 28.727(1)(i) also requires registrants to report "[a]ll electronic mail addresses and instant message addresses . . . routinely used by the individual."  The court declared this requirement unconstitutional and enjoined its enforcement in the Opinion and Order Resolving Motions for Judgment and, therefore, need not consider whether its retroactive application comports with the Due Process Clause.  (Dkt. # 103, Pg. ID 5946.)

> government's interest could be adequately served by some less-speech-restrictive alternative.

*Id.* at 798-800 (internal quotation marks and citations omitted).

The court also recognizes that, in general, "[r]etroactivity is not favored in the law," *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988), and that "a justification sufficient to validate a statute's prospective application under the Clause 'may not suffice' to warrant its retroactive application." *Landsgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994).

The court previously found that Michigan has "a compelling interest in protecting minors from violence and sexual abuse" and "a robust interest in protecting the individuals, especially children, from online predators." (Dkt. # 103, Pg. ID 5921, 5940.). The parties now dispute whether retroactively requiring certain registrants to comply with the Internet reporting requirements for life, rather than for twenty-five years, is narrowly tailored to those government interests and leaves alternative channels for communication.

Both parties should be prepared to address the arguments raised in the supplemental briefs related to whether the retroactive application of the lifetime Internet reporting requirements is narrowly tailored. In particular, the parties should be prepared to discuss Plaintiffs' contentions that: Defendants have failed to explain how lengthening the reporting requirements from twenty-five years to life will deter crime or otherwise protect the public from online predators; "it is more likely that a non-registrant will commit an 'out of the blue' sex offense than that even the highest-risk offender will commit such a crime after 15 years, let alone 25 years;" "[l]ifetime reporting illogically

6

demands that registrants report their speech when they are least likely to commit a crime;" due to "the collection of huge amounts of indiscriminate data, the requirement will make it more difficult—not easier—for law enforcement to focus on individuals who truly pose an on-line threat;" and "the retroactive reporting requirement is not narrowly tailored because it applies to all registrants, including registrants whose offenses did not involve computers." (Dkt. # 106, Pg. ID 5961-63.)  Similarly, the parties should be prepared to discuss, in particular, Defendants' contentions that: applying the lifetime Internet reporting requirements retroactively is narrowly tailored because the reported information is only available to law enforcement; the reporting requirements do not *prohibit* any speech; and, without retroactive lifetime application of the reporting requirements, Michigan's database, other States' databases, and/or the National Registry would be "render[ed] . . . less effective."  (Dkt. # 107-5977-78.)

　　　　IT IS ORDERED that a motion hearing is scheduled for **June 9, 2015 at 3:00 PM**.

　　　　　　　　　　　　　　　　　　　　 s/Robert H. Cleland　　　　　　　　
　　　　　　　　　　　　　　　　　　　ROBERT H. CLELAND
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:  May 8, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 8, 2015, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　　　　 s/Lisa G. Wagner　　　　　　　　
　　　　　　　　　　　　　　　　　　　Case Manager and Deputy Clerk
　　　　　　　　　　　　　　　　　　　(313) 234-5522