UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES #1-5 AND MARY DOE,

    Plaintiffs,

v.

RICK SNYDER, Governor of the State of Michigan, and COL. KRISTE ETUE, Director of the Michigan State Police, in their official capacities,

    Defendants.

No. 2:12-cv-11194

HON. ROBERT H. CLELAND

MAG. DAVID R. GRAND

## STIPULATED ORDER GRANTING INTERIM INJUNCTIVE RELIEF ON REMAND

This case is before the Court on remand from the Sixth Circuit, pending a decision by the U.S. Supreme Court on Defendants' petition for certiorari. The mandate of the Sixth Circuit has not been stayed.

This order is not a final judgment, but is intended to resolve the dispute between the parties on an interim basis, pending resolution of the appeal by the U.S. Supreme Court and the entry of a new order or a final judgment by this Court. If the State's petition for certiorari is denied, or if the U.S. Supreme Court issues a decision on the merits, the parties will schedule a status conference forthwith to determine how to proceed.

The parties stipulate to, and the Court orders, interim injunctive relief as follows:

1. Plaintiff John Doe #5 will not be subject to SORA as long as this order remains in effect. His name will be removed from the registry, he will have no reporting requirements, and Defendants will not attempt to enforce any SORA provision against him and will notify local law enforcement and the prosecutor in the jurisdiction where he last registered of this order and of the Court's protective order.[1]

2. Plaintiffs John Does #1-4 and Mary Doe will be subject to the following, as long as this order remains in effect:

    a. They will not be listed on the public registry, but will instead only be listed on the non-public law enforcement registry.

    b. They will be required to verify quarterly, reporting current address information and any name change pursuant to M.C.L. §§ 28.727(1)(a) and (d).

    c. Defendants will make a notation on Plaintiffs' non-public law enforcement registry page alerting viewers to contact the Michigan State Police and/or the Attorney General's Office before taking any action against Plaintiffs on SORA-related offenses. Defendants will also notify the chief local law enforcement and prosecutor in the jurisdiction where Plaintiffs reside and register of this order and of the Court's protective order.

---

[1] Doe #5 was made subject to SORA for a 1980 sex offense only because he was convicted of a non-sex offense in 2011, and he was therefore subject to registration under the 2011 "recapture" amendments.

    d. Defendants will not enforce against Plaintiffs any provisions of SORA that became effective since January 1, 2006, including but not limited to the geographic zones added by Mich. Pub. Act 121, 127 (2005) (M.C.L. §§ 28.733-736), and the reporting and "immediate" reporting requirements added by Mich. Pub. Act 17-18 (2011) (M.C.L. §§ 28.725, 28.727 (except 28.727(1)(a) and (d)).

    e. Plaintiffs' registration periods will be amended to run for 25 years instead of for life.

3. Plaintiffs' agreement to this interim order will not waive any defenses that may be available to them in any criminal prosecution, including any defenses based on the Sixth Circuit's or this Court's decisions in *Does v. Snyder*.

4. Neither Plaintiffs nor Defendants may use the fact that the other parties agreed to this interim order as an admission or concession, or as a waiver of any arguments or defenses in this or any other SORA-related litigation, including but not limited to arguments about whether the aspects of SORA found unconstitutional by the Sixth Circuit are severable, or in arguing about the proper interpretation of the Supreme Court's, Sixth Circuit's, or this Court's decisions.

5. In the event that the Sixth Circuit's *Does v. Snyder* decision is reversed or otherwise made void or ineffective, the parties will immediately schedule a status conference to dissolve this order and to substitute or to reinstate whatever orders

6. may be appropriate in light of the appellate decision.

                    SO ORDERED.

                    S/Robert H. Cleland
                    Hon. Robert H. Cleland
                    U. S. District Judge

Dated: April 3, 2017

Stipulated and approved for entry:

    */s/ Miriam Aukerman* (P63165)        */s/ Erik Grill* (P64713)
    American Civil Liberties Union         Assistant Attorney General
      Fund of Michigan                     Attorney for Defendants
    Attorney for Plaintiffs

    */s/ Paul D. Reingold* (P27594)
    Michigan Clinical Law Program
    Attorney for Plaintiffs